UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN MARK MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1046-ZMB |
| | ) | |
| JEREMEY CHRISTOPHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is the third time Plaintiff Kevin Mark Marshall has brought an action related to

a 2020 incident involving the City of Arnold Police Department. This matter is before the Court

on Defendants Jeremey Christopher, Walter Weaver, and the City of Arnold's Motion to Dismiss.

Doc. 6. Because the City obtained a favorable judgment on the merits in the previous action,

Marshall cannot bring another action against it. However, he previously sued Christopher and

Weaver in their official capacities only, meaning they are not entitled to dismissal on preclusion

grounds, although the state law tort claim against them is time barred. Therefore, the motion to

dismiss is granted in part and denied in part.

## BACKGROUND

**I.      Factual Background**

In August 2020, Marshall drove to a hotel to visit his then-girlfriend. Doc. 1 ¶¶ 10–11.

After he spent a few minutes sitting in his vehicle preparing to go inside, Arnold Police Department

Officers Christopher and Weaver approached Marshall's vehicle and ordered him to step out of it.

*Id.* ¶ 11. Marshall complied. *Id.* The officers then accused Marshall of trespassing on hotel

property, even though neither Marshall nor the officers received complaints of trespassing. *Id.*

¶¶ 12–14. Marshall denied the allegations, but Christopher and Weaver responded by "forcefully" placing Marshall in handcuffs and slamming him "face first" into the ground. *Id.* ¶¶ 12, 15–16. Other officers arrived on the scene, and they rammed their knees "forcefully into [Marshall's] back while his face was being rubbed in the concrete pavement." *Id.* ¶ 17. Despite the fact that he was handcuffed and not resisting, Christopher and Weaver deployed their taser on Marshall, who cried out for help to no avail. *Id.* ¶ 18. Eventually, paramedics arrived on scene and treated the injuries Marshall sustained during the encounter. *Id.* ¶ 19. Marshall was never charged with trespassing or resisting arrest. *Id.* ¶ 20.

## II. Procedural Background

### a. First Lawsuit

Following this incident, Marshall brought a pro se action against the Arnold Police Department. *See Marshall v. Arnold Police Dep't*, No. 4:21-CV-62-SEP ("*Marshall I*"), Doc. 1. The Court granted Marshall in forma pauperis status, *id.*, Doc. 11, and twice instructed him to amend his complaint, *id.*, Docs. 14, 18. But despite his efforts to comply, Marshall's pleadings remained deficient. *See id.*, Doc. 20. As such, the Court dismissed the complaint without prejudice under 28 U.S.C. § 1915(e) before any other party appeared. *See id.*, Doc. 21.

### b. Second Lawsuit

Marshall eventually obtained counsel and filed another lawsuit. *See Marshall v. City of Arnold*, 4:23-CV-807-MTS ("*Marshall II*"). In that action, Marshall added the City, Weaver, and Christopher as defendants. *See id.*, Doc. 1. The defendants appeared and moved to dismiss— setting off a tortured briefing sequence. *See id*, Docs. 18–24, 26, 28, 31–34, 36–38.

Ultimately, the Court granted the motion to dismiss. *See id.*, Doc. 39. Because Marshall failed to plead an individual-capacity claim against Chrisopher and Weaver,[1] and because the official-capacity claims against them were "duplicative of [Marshall's] claims against the City," the Court dismissed the officers from the suit. *Id.* at 7. After dismissing the Arnold Police Department as a non-suable entity, *Id.*, the Court then dismissed the remaining municipal-liability claim against the City, *Id.* at 8. Construing Marshall's theory of liability as a failure to train, the Court determined that he failed to plead any other instance of a constitutional violation. *Id.* at 8–9. Accordingly, the Court dismissed the complaint against the City. *Id.* at 10; Doc. 40. Marshall never appealed.

### c. Third Lawsuit

About a year after *Marshall II*, Marshall obtained new counsel and filed the instant Complaint, this time bringing individual-capacity claims against officers Christopher and Weaver as well as realleging the official-capacity claims against them and his municipal-liability claims against the City. *See* Doc. 1. Defendants again moved to dismiss, arguing in pertinent part that Marshall is barred from bringing these claims under the doctrines of claim preclusion, issue preclusion, and the defense of the statute of limitations. Doc. 7 at 6–10, 15. After prompting from the Court, Doc. 8, Marshall responded in opposition to dismissal, Doc. 9, and Defendants filed their reply, Doc. 10. The matter is now ripe for adjudication.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test

---

[1] When *Marshall II* was decided, Eighth Circuit precedent required a plaintiff seeking to sue an official in their individual capacity to clearly state so in their complaint. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619–20 (8th Cir. 1995). Recently, however, the Eighth Circuit overturned that precedent. *S.A.A. v. Geisler*, 127 F.3d 1133, 1136 (8th Cir. 2025).

the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken*, 140 F.4th at 450 (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

In their motion to dismiss, Defendants argue that preclusion doctrine bars Marshall from bringing any claim against the Defendants, Doc. 7 at 6–10, and that the statute of limitations

separately forestall his state law claim against Christopher and Weaver, *id.* at 15. While the City[2] has met its burden to show that claim preclusion applies, Christopher and Weaver have failed to do so. That said, the applicable statutes of limitations bars Marshall from bringing the state claims against the officers. Each issue will be addressed in turn.

## I.    Claim and Issue Preclusion

Defendants primarily contend that this action is barred by both claim and issue preclusion. Defendants argue that claim preclusion applies because the events giving rise to the claim are the same as the events raised in *Marshall II* and are made "against the same named defendants." Doc. 7 at 7–8. Further, they argue that both *Marshall II* and this case seek relief against all three Defendants "for excessive force and *Monell* claims" and that the prior dismissal order operated as a dismissal with prejudice on the merits because the Court did not specify the manner of dismissal. *Id.* at 8. Thus, all claims that were or should have been brought against them in *Marshall II* are barred by claim preclusion. *Id.* Moreover, Defendants contend that issue preclusion also bars this action because the Court "dispelled of the precise constitutional claims that the Plaintiff advances in the present litigation," *id.* at 9, although they do not cite to any portion of the Court's opinion where it addressed that issue, *see id.* at 9–10.

Marshall responds by first acknowledging that, absent a qualification, the Court's dismissal operated as an adjudication on the merits. Doc. 9 at 3–4. Marshall next highlights the missteps by his previous counsel and the fact that he was incarcerated during that litigation as possible justifications for avoiding the "stiff penalty" of dismissal with prejudice. *Id.* at 4–5. However, Marshall notes that the Court never had the individual-capacity claims before it in *Marshall II*,

---

[2] Marshall acknowledged that his official-capacity claims against Christopher and Weaver "are "redundant to his claims against the City" and agrees that they "must therefore be dismissed." Doc. 9 at 4. As such, the Court dismisses the official-capacity claims with his consent.

making Christopher and Weaver different parties altogether. Doc. 9 at 4. In reply, Defendants contend that there is no valid basis to excuse preclusion, Doc. 10 at 2–3, and Christopher and Weaver suggest for the first time that they are in privity with the City because "a relevant inquiry is whether the plaintiff could have brought these claims against the new parties in the first action," *id.* at 1–2.

The doctrine of claim preclusion, or res judicata, "bars a second suit involving the same parties or their privies based on the same cause of action" where a previous lawsuit resulted in a judgment on the merits. *Carter v. Kan. City S. Ry.*, 456 F.3d 841, 848 (8th Cir. 2006). A party may assert claim preclusion in a second suit brought against them when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018). The party invoking res judicata bears the burden of demonstrating that this defense applies. *Hintz v. JPMorgan Chase Bank*, 686 F.3d 505, 509 (8th Cir. 2012) (citations omitted)

Here, claim preclusion bars Marshall from bringing this action against the City. *Marshall II* resolved the same cause of action between Marshall and the City. Instead of disputing this fact, Marshall argues only that the Court should consider equitable reasons for not applying preclusion. Doc. 9 at 5. But the fact that Marshall's prior counsel performed poorly is not a sufficient excuse, as it is a "well-established principle that a party is responsible for the actions and conduct of his [or her] counsel." *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817 (8th Cir. 2001) (quotation omitted). As such, Marshall's claim against the City must be dismissed.

But Christopher and Weaver have not shown that the individual capacity claims against them are similarly precluded. Although the officers first suggested they were the same parties in

6

*Marshall II*, *see* Doc. 7 at 8, they appear to have abandoned that argument in their reply,[3] *see* Doc. 10 at 1. Instead, Christopher and Marshall suggest that they are in privity with the City. *See id.* at 2. Even if this argument were properly before the Court,[4] it is unpersuasive. True, the concept of a privity has transformed from a "specific substantive legal relationships" to a more capacious term denoting the "relationship between the one who is a party on the record and another [as] close enough" to preclude relitigating issues. *See Elbert*, 903 F.3d at 782. But the Eighth Circuit has expressly concluded that "litigation involving officials in their official capacity does not preclude relitigation in their personal capacity." *Irving v. Dormire*, 586 F.3d 645, 647 (8th Cir. 2009) (collecting cases). And given that individual capacity claims "are different causes of action" compared to official-capacity claims, s*ee Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (overruled on other grounds), it is unclear why Christopher and Weaver would have had the kind of relationship that would make them privies to the City, *cf. Elbert*, 903 F.3d at 784 (finding that officers sued in their individual capacity were in privity with other officers later sued in their individual capacity for the same underlying incident). As such, Christopher and Weaver have failed to demonstrate that claim preclusion applies.

---

[3] In any event, Christopher and Weaver have failed to show that they were parties in *Marshall II*. Individual-capacity claims are treated as wholly distinct from official-capacity claims because the "[a]cts performed by the same person in two different capacities are generally treated as the transactions of two different legal personages." *Cheeks v. Belmar*, No. 4:18-CV-2091-CAS, 331 F.R.D. 499, 504 (E.D. Mo. 2019) (citation omitted). Because "[a] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent," *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016), the mere fact that a complaint named an official does not necessarily mean they were a party to the action, and the officers fail to explain why they themselves were actually a party to the prior litigation here.

[4] For the first time in reply, Christopher and Weaver claim that "a relevant inquiry" into whether a new party is in privity with another party is "whether the plaintiff could have brought these claims against the new parties in the first action." Doc. 10 at 2. But the Defendants' opening brief suggests that they were parties to the former lawsuit, not that they were merely in privity with others who were. *See* Doc. 7 at 7 ("[Marshall's] claims stem from the same event that was the subject of two prior cases in the same Court against the same named defendants."). Raising this argument for the first time in reply is particularly troubling here because it deprived the Court of an opportunity to learn if Marshall can "show any good reasons to justify a second chance." *See Elbert*, 903 F.3d at 783 (citation omitted). Thus, Christopher and Weaver's failure to raise this issue in their opening brief constitutes a waiver of this argument. *See Mohammed v. Creighton Univ.*, 2025 WL 3642067, at *17 (D. Neb. Dec. 16, 2025) (citing *United States v. Cooper*, 990 F.3d 576, 583 (8th Cir. 2021)).

Nor have the officers demonstrated they are entitled to dismissal based on issue preclusion. For issue preclusion (or collateral estoppel) to apply, the Court must find that "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Hursh v. DST Sys.*, 666 F. Supp. 3d 947, 983–84 (W.D. Mo. 2023) (citation omitted). Christopher and Weaver's only argument on this point is that Marshall's constitutional claim was decided in *Marshall II*. Doc. 7 at 9. They are wrong. The Court merely held that Marshall failed to plead a municipal-liability claim because he did not allege "a pattern of unconstitutional violations." *Marshall II*, Doc. 39 at 9. But it did not make any finding of fact or law related to a potential violation of Marshall's constitutional rights based on excessive force. As such, issue preclusion is inapplicable here.

To put it simply, while Marshall cannot take a second bite at his claims against the City, Christopher and Weaver may not claim the benefit of an issue not decided in an action in which they were not present. As such, the City is entitled to be dismissed from the action,[5] but the individual-capacity claims against Christopher and Weaver may proceed.

## II. Statute of Limitations

Finally, Christopher and Weaver are correct that the state law action against them should be dismissed as barred by the applicable statute of limitations. *See* Doc. 10 at 15. Marshall levies assault claims against Christopher and Weaver. *See* Doc. 1 ¶¶ 62–65. The parties agree that a two-year statute of limitations applies top Marshall's intentional-tort claims. *See* Doc. 9 at 7 (citing MO. REV. STAT. § 516.140). Although Marshall cites caselaw to advance his argument that his incarceration was a disability which tolls the statute of limitations, *see* Doc. 9 at 7 (citing *Jepson*

---

[5] In light of this conclusion, the Court will not address the City's related merits arguments. *See* Doc. 7 at 11–15.

*v. Stubbs*¸ 555 S.W.2d 307 (Mo. banc 1977)), the statutory exemption in that case has since been amended and abrogated. *Yahne v. Pettis Cnty. Sheriff Dept.*, 73 S.W.3d 717, 719 n.2 (Mo. Ct. App 2002) ("[I]ncarceration is no longer a basis for tolling the statute of limitations in [MO. REV. STAT. § 516.170]."). As such, the statute of limitations has run, and Marshall cannot bring those claims against the officers.

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants Jeremey Christopher, Walter Weaver, and City of Arnold's [6] Motion to Dismiss. The Court **DISMISSES** the official-capacity and state-law claims against Christopher and Weaver and all claims against the City. However, the claims against the officers in their individual capacity may proceed.

So ordered this 11th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

9